UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DG EQUIPMENT CO., INC.,

          Plaintiff,

-v-

CATERPILLAR, INC.,

          Defendant.

Case No. 3:08-cv-317

Judge Thomas M. Rose

___

**ENTRY AND ORDER GRANTING CATERPILLAR'S MOTION TO DISMISS (Doc. #2)**

___

Plaintiff DG Equipment Company, Inc. ("DGE") is engaged in the business of transportation, rigging, and installation of overweight and oversized machinery and equipment. DGE's claims against Caterpillar, Inc. ("Caterpillar") arise from its purchase of a Kenworth T800 Tractor (the "Tractor") with a Caterpillar C15 600 HP Engine (the "Engine") for its business operations.

DGE alleges that, upon purchasing the Tractor, DGE experienced defects in the Tractor's performance. (Compl. ¶¶ 17, 19.) Specifically DGE alleges that it discovered that the Caterpillar pollution control system prevented the Tractor from being used for its intended purpose. (Id. ¶ 19.)

DGE's Complaint was brought on August 5, 2008, in the Court of Common Pleas of Montgomery County, Ohio. It was subsequently removed to this Court by Caterpillar based upon this Court having diversity jurisdiction pursuant to 28 U.S.C. 1332.

DGE's Complaint asserts two causes of Action. (Doc. #5.) Count I is for breach of an express warranty and Count II is for breach of an implied warranty of merchantability.

On September 3, 2008, Caterpillar filed a Motion To Dismiss Count II of DGE's

Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #2.) This Motion is now fully briefed and ripe for decision. The standard of review for motions to dismiss will first be set forth followed by an analysis of Caterpillar's Motion.

## STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)(citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)). Put another way, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004) Further, for purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not enough. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. However, the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 127 S.Ct. at 1965(citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004)). The factual allegations in the complaint, even if doubtful in

fact, must do something more than merely create a suspicion of a legally cognizable right. *Id.*

Also, to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996). The Court "need not accept as true legal conclusions or unwarranted factual inferences*." Morgan v. Church's Fried Chicken,* 829 F. 2d 10, 12 (6th Cir. 1987). Put another way, bare assertions of legal conclusions are not sufficient. *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996). It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss. *Id.*; see also Wright & Miller, *supra*, §1357.

In addition to applying the federal procedural standard for motions to dismiss, as a federal court located in Ohio exercising diversity jurisdiction, this Court must apply Ohio substantive law unless the law of another state is specifically implicated. *Hisrich v. Volvo Cars of N. America*, *Inc.*, 226 F.3d 445, 449 (6th Cir. 2000). This Court must apply the substantive law of Ohio "'in accordance with the then-controlling decision of the highest court of the state.'" *Imperial Hotels Corp. v. Dore*, 257 F.3d 615, 620 (6th Cir. 2001)(quoting *Pedigo v. UNUM Life Ins. Co.*, 145 F.3d 804, 808 (6th Cir. 1998)).

To the extent that the highest court in Ohio has not addressed the issue presented, this Court must ascertain from all available data, including the decisional law of Ohio's lower courts, what Ohio's highest court would decide if faced with the issue. *Id.; Bailey v. V & O Press Co., Inc.*, 770 F.2d 601, 604 (6th Cir. 1985). Finally, where Ohio's highest court has not addressed the issue presented, a federal court may not disregard a decision of an Ohio appellate court on

point unless the federal court is convinced by other persuasive data that the highest court of Ohio would decide otherwise. *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir. 1989).

## ANALYSIS

Caterpillar seeks to dismiss Count II of DGE's Complaint for breach of an implied warranty of merchantability because Caterpillar effectively disclaimed all implied warranties. DGE responds that Count II of its Complaint should not be dismissed because it has sufficiently alleged that Caterpillar's disclaimer of an implied warranty of merchantability is ambiguous, not conspicuous and unconscionable as a matter of Ohio law.

### The Limited Warranty and Disclaimer

DGE alleges that, when the Tractor was purchased, it received an express written limited warranty from Caterpillar for the Engine (the "Limited Warranty"). (Compl. ¶ 26.) DGE was unable to locate the Limited Warranty but attached an exemplar of the Limited Warranty to its Complaint. (Id.)

The Limited Warranty provides that the Engine was free from defects in materials and workmanship. (Id. ¶ 27.) The Limited Warranty also provides that Caterpillar shall be responsible for the replacement of all lubricating oil, filters, coolants and other service items made unusable by a defect. (Id. ¶ 28.)) Finally, the Limited Warranty indicates that Caterpillar will provide reasonable or customary labor needed to correct a defect, towing to the nearest authorized repair facility, and travel costs if the product could not be transported to a Caterpillar authorized dealer. (Id.)

The Limited Warranty also includes the disclaimer that is at issue here. The Limited

Warranty provides that:

> THIS WARRANTY IS EXPRESSLY IN LIEU OF ANY OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE EXCEPT CATERPILLAR EMISSION-RELATED COMPONENTS WARRANTIES FOR NEW ENGINES, WHERE APPLICABLE. REMEDIES UNDER THIS WARRANTY ARE LIMITED TO THE PROVISIONS OF MATERIAL AND SERVICES AS SPECIFIED HEREIN. CATERPILLAR IS NOT RESPONSIBLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES.

The version of the Uniform Commercial Code that has been adopted by Ohio provides that, unless excluded or modified as provided in section 1302.29 of the Revised Code, a warranty that goods sold are merchantable is implied in a contract for their sale if the seller is a merchant[1] with respect to goods of that kind. R.C. § 1302.27(A). A merchant may, however, disclaim the implied warranty of merchantability from a sales contract by employing disclaiming language that specifically mentions merchantability and, in the case of a writing, is conspicuous. R.C. § 1302.29(B). Exclusion of an implied warranty of fitness must be in writing and conspicuous. Id.

"A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it." R.C. § 1301.01(J). A printed heading in capitals (as: NONNEGOTIABLE BILL OF LADING) is "conspicuous." Id. Language in the body of a form is "conspicuous" if it is in larger or other contrasting type or color." (Id.) Finally, "whether a term or clause is "conspicuous" is for decision by the court." (Id.)

---

[1] "Merchant" is defined as "… a person who deals in goods of the kind or otherwise by the person's occupation holds the person out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by the person's employment of an agent or broker or other intermediary who by the agent's, broker's or other intermediary's occupation holds the person out as having such knowledge or skill…" R.C. § 1302.01(A)(5).

**DGE's Arguments**

DGE offers three reasons why the disclaimer is inoperative and thus why Caterpillar's Motion To Dismiss should not be granted. Each of these three reasons will be addressed in turn.

Disclaimer Is Ambiguous

DGE argues that the disclaimer is ambiguous under R.C. § 1302.09 and therefore, inoperative. In support of the ambiguity argument, DGE cites *Boeing Airplane Co. v. O'Malley*, 329 F.2d 585, 593 (8th Cir. 1964), which provides that, in order to be effectively disclaimed, an implied warranty must contain "the most precise terms; in other words, so clear, definite and specific as to leave no doubt as to the intent of the contracting parties." DGE also cites *Dorman v. International Harvester Co.*, 46 Cal. App.3d 11 (1975) for this same proposition. However, The *O'Malley* court was interpreting Pennsylvania commercial law and the *Dorman* court was interpreting California commercial law and Ohio commercial law is different from both Pennsylvania and California commercial law on this topic. Ohio law regarding the exclusion of warranties does not discuss how ambiguities are to be treated.

DGE also offers another irrelevant argument. DGE argues that, where a document is unclear or ambiguous, parol evidence is admissible for purposes of determining the intent of the parties and clarifying unclear or ambiguous provisions. *Graham v. Drydock Coal Co.*, 667 N.E.2d 949, 952 (Ohio 1996). Yet, DGE offers no parol evidence for consideration.

Finally, not having presented any legal argument that may form a basis for finding Caterpillar's disclaimer inoperable for being ambiguous, DGE argues that Caterpillar's disclaimer is ambiguous. The disclaimer is ambiguous, according to DGE, because the language creates a question as to whether Caterpillar has disclaimed the implied warranty of

merchantability as it relates to the alleged defects in the pollution control regeneration process of the new Engine purchased by DGE.

This argument is unavailing for three reasons. First, DGE has failed to set forth its legal basis. Second, the language in the disclaimer is not ambiguous or capable of more than one meaning. The Limited Warranty is in lieu of an implied warranty of merchantability or fitness for a particular purpose except that the Limited Warranty is not in lieu of Caterpillar Emission-Related Components Warranties for new engines. The third reason that DGE's ambiguity argument is unavailing is that, according to Caterpillar, its Emission-Related Components Warranties for new engines are express and not implied warranties. The Limited Warranty states that it is in lieu of any other express or implied warranties except one particular express warranty related to "emission-related components." Thus, although the disclaimer may not be in lieu of another express warranty, it essentially and clearly is in lieu of any **implied** warranties of merchantability and fitness.

Disclaimer Is Not Conspicuous

DGE's second argument against the operability of the disclaimer is that the disclaimer is not conspicuous as required by the Ohio Revised Code. The disclaimer is not conspicuous, according to DGE, because the Limited Warranty does not have an adequate heading at the beginning of the disclaimer provision.

This is true. The Limited Warranty does not have a heading at the beginning of the disclaimer provision. However, a heading is not necessarily required by R.C. § 1301.01(J). Language in the body of the disclaimer is conspicuous if it is in larger or other contrasting type or color. R.C. § 1301.01(J).

DGE relies upon *Dorman* for the proposition that the failure of the Caterpillar disclaimer to have a heading at the beginning of the disclaimer provision makes the disclaimer inconspicuous. 46 Cal. App.3d 11 (1975). However, the *Dorman* court is interpreting California commercial and not Ohio commercial law which is different in relevant respects. Also, the lack of a heading was just one of the factors pointed to by the *Dorman* court in finding that the disclaimer provision in question was inconspicuous. *Id.* At 18-19. The *Dorman* court also found that the disclaimer at issue was not in bold face or capitalized and was in only slightly larger typeface from the typeface surrounding the provision. *Id.*

In this case, the disclaimer language is in writing, it specifically references "merchantability" and "fitness for a particular purpose" and is in a contrasting (all caps and bold) type. *See Ohio Savings Bank v. H.L. Volkes Co.*, 560 N.E.2d 1328, 1334 (Ohio Ct. App. 1989)(implied warranty of merchantability disclaimed by words at bottom of warranties since they appeared in contrasting solid capital letters and contained the word "merchantability"); *Avenell v. Westinghouse Electric Corp.*, 324 N.E.2d 583, 586-87 (Ohio Ct. App. 1974)(sales contract effectively disclaimed implied warranties of merchantability and fitness for a particular purpose since all type indicating the disclaimer was large and readable; the limiting language was simple, direct and easily understood; there was a printed heading in capital letters and the person against whom the limiting language was to operate was a sophisticated corporation). The disclaimer is also written in such a fashion that a reasonable person ought to have noticed it. Therefore the disclaimer is, according to the law of Ohio, conspicuous.

Disclaimer Is Unconscionable

DGE's third and final argument against the operability of the disclaimer is that the

disclaimer is unconscionable under R.C. § 1302.15. It is unconscionable, according to DGE, because, in the light of the commercial background, the clauses involved are one-sided under the circumstances existing at the time of the making of the contract.

Ohio law provides that, if the court as a matter of law finds any clause of the contract to be unconscionable at the time it was made, the court may refuse to enforce the contract or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result. R.C. § 1302.15(A). Ohio law further provides that, when it is claimed, as is the case here, that any clause in the contract is unconscionable, the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination. R.C. § 1302.15(B); *see also Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 7 F. Supp.2d 954, 966 (N.D. Ohio 1998)(Ohio law counsels against any finding of unconscionability in the absence of a fair opportunity for the parties to present evidence on the contract's commercial setting and purpose).

The Official Comments to § 1302.15 of the Ohio Revised Code indicate that this section is intended to allow the court to pass directly on the unconscionability of the contract or a clause therein and to make a conclusion of law as to its unconscionability. The basic test set forth in the Official Comments is "whether in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract."

Black's Law Dictionary defines an unconscionable agreement as an agreement that no promisor with any sense, and not under a delusion, would make, and that no honest and fair

promisee would accept. *Black's Law Dictionary* (8th ed. 2004). "Unconscionability is determined by reference to the relative benefit of the bargain to the parties at the time of its making, the nature of the methods employed in negotiating it, and the relative bargaining power of the parties." *Anderson v. Delta Funding Corp.*, 316 F. Supp.2d 554, (N.D. Ohio 2004)(quoting *Miller v. Household Realty Corp.*, No. 81968, 2003 WL 21469782 at *7 (Ohio Ct. App. June 26, 2003)).

An Ohio Appeals Court has determined that "a contract clause is unconscionable where one party has been misled as to its meaning, where a severe imbalance of bargaining power exists, or where the specific contractual clause is outrageous." *Hurst v. Enterprise Title Agency*, 809 N.E.2d 689, 694 (Ohio Ct. App. 2004), *appeal not allowed*, 815 N.E.2d 679 (Ohio 2004). Further, "[u]nconscionability is generally recognized to include an absence of meaningful choice on the part of one of the parties to a contract, combined with the contract terms that are unreasonably favorable to the other party." *Id.*(citing *Cross v. Carnes*, 724 N.E.2d 828 (Ohio Ct. App. 1998). An Ohio Appeals Court has also found that "a warranty in which the party disclaiming warranties or remedies assumes some form of responsibility for the performance or maintenance of the product in issue is not unconscionable." *Westfield Insurance Co. v. HULS America, Inc.*, 714 N.E.2d 934, (Ohio Ct. App. 1998)(citing *Irving Leasing Corp. V. M & H Tire Co.*, 475 N.E.2d 127, 131-33 (Ohio Ct. App. 1984)), *appeal not allowed*, 700 N.E.2d 877 (Ohio 1998).

Although Ohio law counsels a court to conduct a hearing on unconscionability, a hearing is not necessary in this case. Based upon DGE's Complaint, Caterpillar performed extensive services and repairs on the Engine and, therefore, assumed some form of responsibility for the

performance or maintenance of the Engine. (Compl. ¶¶ 17, 24.) Further, DGE makes no factual allegations, beyond legal conclusions, that the provision disclaiming the implied warranty of merchantability contained in the Limited Warranty was unconscionable at the time it was made or that, under the circumstances existing at the time of the making of the contract, the disclaimer was so one-sided as to be unconscionable. Therefore, since Caterpillar has assumed some form of responsibility for the performance of the Engine, according to the holding in *Westfield*, the disclaimer is not unconscionable as a matter of law.

## CONCLUSION

Caterpillar disclaimed the implied warranties of merchantability and fitness for a particular purpose. The disclaimer is effective in that it is not ambiguous, inconspicuous or unconscionable.

Caterpillar is entitled to legal relief even if all of the factual allegations in DGE's Complaint are true. Therefore, Count II of DGE's Complaint for breach of an implied warranty of merchantability fails to state a claim upon which relief may be granted. Caterpillar's Motion To Dismiss Count II of DGE's Complaint (doc. #2) is GRANTED. Count II of DGE's Complaint is DISMISSED. Finally, this opinion does not address the effect of the alleged failure of Caterpillar's Limited Warranty in its essential purpose.

**DONE** and **ORDERED** in Dayton, Ohio this 27th day of October, 2008.

*S/THOMAS M. ROSE

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record